UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| MICHELLE McGARRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 4:08-cv-146-DFH-WGH |
| ) | |
| MICHAEL BECHER, as SHERIFF OF ) | |
| CLARK COUNTY; ) | |
| DANNY RODDEN, as SHERIFF OF ) | |
| CLARK COUNTY, ) | |
| and CLARK COUNTY, INDIANA, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING, IN PART, PLAINTIFF'S
MOTION TO COMPEL AND MOTION TO
EXTEND TIME TO CERTIFY CLASS ACTION**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on the plaintiff's Motion to Compel and Motion to Extend Time to Certify Class Action filed April 6, 2009. (Docket No. 20). Defendants' Response was filed on April 24, 2009. (Docket No. 22). No reply brief has been filed.

The Magistrate Judge, being duly advised, now **GRANTS, in part,** the plaintiff's Motion to Compel and Motion to Extend Time to Certify Class Certification.

In this potential class action case involving the alleged improper use of tasers in the Clark County Jail, the plaintiff has moved to compel certain

information kept within the memory of the particular tasers that were in place at the time of the incident which led to this lawsuit. During a pretrial conference held on April 8, 2009, the parties advised the Magistrate Judge that the tasers contain a memory device which indicates the date and time of each use of the tasers. The specific issue before the court is as follows:

1. On January 22, 2009, plaintiff served her First Set of Request for Production of Documents on the defendants asking, in part, for:

> All of the firing records of each and every Taser used in the Clark County Jail from January 1, 2005 to the present. This includes, but is not limited to, a usable form of all the computer data downloaded from the Tasers as to their firing history.

2. Defendants objected to the requested information as follows:

> *OBJECTION:* The request is overly broad, ambiguous, unduly burdensome and oppressive. In support of said objection, the Defendants state that each Taser is supposed to be fired before each shift to test it. That means that in the four year time period established by the Plaintiff in the request, there would be at least three firings for each Taser every day. For one Taser, each year, that would mean over one thousand firings just to test the Taser. That does not include the number of times that the Taser was necessary to control an inmate. Accordingly, as there are currently five Tasers in use in the Clark County Jail, that would be five thousand for the past year just in testing alone. The production of said records would be onerous, burdensome and likely not lead to the discovery of any relevant information because most of the firings for the Tasers would be tests and have nothing to do with the claims made in the Plaintiff's lawsuit.

3. The use of tasers at defendants' Jail is also logged through certain "Use of Force" reports.

4. Defendants have now produced the "Use of Force" reports regarding taser use.

5. The policy of the Clark County Jail is that the tasers used during the time of the plaintiff's incarceration, the M-26, shall be spark tested at the beginning of each shift. (See Response, Ex. 1).

6. At the time requested, there were three shifts working at the Clark County Jail, meaning there were supposed to be three tests each day for each taser.

7. That means for a 365-day period there were supposed to be 1095 spark tests for each taser.

8. At the time of plaintiff's incarceration, there were four M-26's in use, meaning for a one-year period of time from the time of plaintiffs' claimed unconstitutional taser deployment moving forward one year, there were supposed to be 4380 test firings.

9. The records that would be produced would look similar to the records attached at Exhibit 2 (at page 8) which is the M26 Download Data Manual from Taser International's website. The download would apparently only show the date fired, the time fired, and the day of the week.

10. The record would not show who was tasered.

11. Additionally, according to Exhibit 2, the taser device will not record more than 585 firings at one time.

12.  The taser will overwrite the information of the 586th firing of the taser when the taser has been fired 586 times in a row without downloading information.

13.  Through consultation with Taser International, defendants' counsel has been informed that once the data is overwritten, there is no opportunity to retrieve the information.

14.  This is not a situation similar to Electronically Stored Information where metadata in unallocated space can be retrieved through examination or mirroring of a hard drive.

15.  Defendants have not disclosed to the court the costs of printing out the information as it exists on the memory of each device.

## Analysis

The Magistrate Judge concludes that the information now within the memory of the taser (585 firings) would likely reflect about four to six months usage of each taser (Finding of Fact 7 – 1095 spark tests would be fired in one year).  The printouts of the memory showing date and time of firing would likely establish if more than three usages per day occurred during that time period.  If the taser is being used for significantly more than three times per day on most days, that information may be of some relevance to plaintiff's complaint alleging that tasers are frequently used when not necessary.  This is especially true if the significant daily usage does not correspond with dates established in "Use of Force" reports, or other records of training sessions.  The Magistrate Judge,

therefore, concludes that the evidence sought is relevant – at least as that term is defined in the context of discovery.

The burden of showing undue expense is upon the defendants here. There is no showing that the printing of 585 entries of use would be unduly expensive. So long as that endeavor can be completed at a cost of less than $200, the costs of printing out the memory (on paper or disc – whichever is least expensive) shall be borne by defendants. Costs above that shall be paid by plaintiff

Therefore, the Motion to Compel is **GRANTED, in part.** Defendants shall provide:

(1) "Use of Force" reports for the time period of January 1, 2006, to the present (if not already produced).

(2) A printout or other download of the current taser memories (at a total cost for all four tasers not to exceed $200). In the event that the cost to download the memories exceeds $200, plaintiff shall be responsible for the balance of the costs.

The data required to be produced in this case shall be produced not later than twenty (20) days from the date of this Order.

The date for filing motions for class certification is extended for a period of time to and including thirty (30) days from the date of the production of the material required by this Order.

**SO ORDERED.**

**Dated:** May 13, 2009

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Electronic copies to:**

Bruce Alan Brightwell
bruce@brightwell-law.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP
jlowe@k-glaw.com