UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| MICHELLE McGARRY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 4:08-cv-0146-RLY-WGH |
| | ) | |
| MICHAEL BECHER, Officially as | ) | |
| SHERIFF OF CLARK COUNTY; DANNY | ) | |
| RODDEN, Officially as SHERIFF OF | ) | |
| CLARK COUNTY, and CLARK COUNTY, | ) | |
| INDIANA, | ) | |
| Defendants. | ) | |

**ENTRY ON PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

This matter is now before the court on Plaintiff's Motion for Class Certification. For the reasons set forth below, the court **DENIES** Plaintiff's motion.

**I.   Background**

On September 17, 2006, Plaintiff was arrested and booked into the Clark County Jail (the "Jail") on charges of public intoxication and disorderly conduct. (Affidavit of Sam Beard ("Beard Aff"), Ex. 1 at 9; Defendant's Ex. A, Deposition of Plaintiff ("Plaintiff Dep.") at 83). About an hour later, Plaintiff was involved in an incident wherein she was tased by Corporal Johnny Croomer. (Plaintiff Dep. at 99-100). Plaintiff alleges that she was tased in violation of the jail's taser use policy. (Amended Complaint ¶¶ 20, 26-30). The jail's taser use policy states, in relevant part:

1

> Taser Specific Conditions:
>
> . . . TASER shall only be used as instructed in the training course and only in accordance with Department Policy and State law.  The deployment of a TASER is considered a use of force on the same level as pepper spray . . . [and] may be deployed on an aggressive / combative suspect / inmate, when the officer believes:
>
>> Deadly force does not appear to be justifiable and or [sic] necessary; and
>>
>> Attempts to subdue the suspect / inmate with other less lethal tactics have been or will likely be ineffective in the situation; or
>>
>> There is a reasonable expectation that it will be unsafe for officers to approach within contact range of the suspect.

(Plaintiff Ex. 1).  Plaintiff thereafter filed the present 42 U.S.C. § 1983 action against Michael Becher and Danny Rodden, during their respective terms as Sheriffs of Clark County, Indiana, and Clark County, Indiana (collectively "Defendants"), for, *inter alia*, violations arising under the state and federal constitutions, including excessive force.  (Amended Complaint ¶¶ 26-30).

Plaintiff now moves for class certification.  Plaintiff originally defined the class as: "[a]ll persons confined in the Clark County Jail from September 16, 2006 onwards, who had a Taser used on them while an inmate at the jail." (*Id*. ¶ 8).  Plaintiff recognizes that the jail's policy passes constitutional muster, and thus seeks to modify the definition by adding the language: "under circumstances that violated the [j]ail's policy."  (Plaintiff's

Motion for Class Certification at 7).

## II.     Modification of Class Definition

As stated above, Plaintiff requests that the court modify the class definition to include language restricting class members to those who were tased "under circumstances that violated the [j]ail's policy." Defendants do not object to Plaintiff's proposed modification to the definition of the class, and Defendants reference the modified definition in their opposition to Plaintiff's class certification motion. Therefore, Plaintiff's modified definition of the class shall be used in determining the present motion for class certification.

## III.    Class Certification

A district court maintains broad discretion in determining whether certification is appropriate. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993) (citing *United Indep. Flight Officers, Inc. v. United Air Lines, Inc.*, 756 F.2d 1274, 1283 (7th Cir. 1985)). This discretion, however, is not unfettered. Valid class certifications must fall within the bounds of Rule 23 of the Federal Rules of Civil Procedure.

As an initial matter, "the class must be sufficiently defined so that the class is identifiable, and the named representative must fall within the proposed class." *Oshana v. Coca-Cola Co.*, 225 F.R.D. 575, 580 (N.D. Ill. 2005), *aff'd*, 472 F.3d 506 (7th Cir. 2007), *cert. denied*, 551 U.S. 1115 (2007) (citations omitted). A class is sufficiently defined if the proposed class members are ascertainable by reference to objective criteria.

3

*Perdue v. Individual Members of Ind. State Bd. of Law Exam'rs*, 2010 WL 412028, at *2 (S.D. Ind. Jan. 29, 2010) (quoting *Nat'l Org. for Women, Inc. v. Scheidler*, 172 F.R.D. 351, 357 (N.D. Ill. 1997)).  Conversely, a class is not sufficiently defined if highly individualized inquiries must be made to determine whether a person is a member of the proposed class.  *Bledsoe v. Combs*, 2000 WL 681094, at *4 (S.D. Ind. March 14, 2000) (citations omitted).  Second, the class must meet all four prerequisites of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation.  *Arreola v. Godinez*, 546 F.3d 788, 797 (7th Cir. 2008).  The plaintiff bears the burden of proving that the proposed class should be certified.  *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006) (citing *Trotter v. Klincar*, 748 F.2d 1177, 1184 (7th Cir. 1984)).  Her failure to satisfy any one of these conditions dooms her class action lawsuit.  *Retired Chicago Police Ass'n*, 7 F.3d at 596 (citing *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993)).

      **A.**    **Existence of an Identifiable Class**

Defendants argue that Plaintiff has failed to sufficiently define the class because the court cannot determine whether any individual is a member of the class without hearing evidence on the circumstances surrounding the individual's tasing.

Defendants analogize the facts involved in the present case to those in *Bledsoe v. Combs*, *supra*.  In *Bledsoe*, the plaintiff's class definition included inmates who were subject to strip searches when there was "no reasonable cause to believe they were carrying concealed weapons or contraband."  *Id*. at *1.  The court denied certification of

4

the class on the grounds that the class definition was insufficient, "[b]ecause highly individualized inquiries would be needed . . . to determine whether a person is a member of the proposed class . . . ." *Id.* at *4. The court explained:

> [t]he problem with this proposed class definition is that the court could not determine whether any individual was a member of the class without hearing evidence on what would amount to the merits of each person's claim. Where that type of inquiry is needed to determine whether a person is a member of a class, the proposed class action is unmanageable by definition.

*Id.*

Like the proposed class definition in *Bledsoe*, Plaintiff's class definition would require that an evidentiary hearing be held to determine whether each potential class member was tased in violation of the jail's policy. In fact, without an evidentiary hearing to explore the circumstances surrounding Plaintiff's tasing, it is unclear whether Plaintiff – the proposed class representative – falls within her own proposed class. Accordingly, Plaintiff has failed to sufficiently define her proposed class.

Even if Plaintiff's proposed class definition was sufficiently defined, Plaintiff's motion would still fail, as she is unable to meet the prerequisites of Rule 23(a).

### B. Rule 23(a)

Defendants argue that Plaintiff's proposed class fails to satisfy the numerosity requirement of Rule 23(a)(1), which states that a class action may be certified if the court finds that "the class is so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). While Rule 23 does not identify a threshold number to establish

numerosity, generally, a class of at least forty members will satisfy the requirement. *Walker v. Bankers Life & Cas. Co.*, 2007 WL 2903180, at *3 (N.D. Ill. Oct. 1, 2007) (citing *Hyderi v. Washington Mut. Bank, FA*, 235 F.R.D. 390, 396 (N.D. Ill. 2006)).  A plaintiff need only to offer a good faith estimate of the class size, and the court can make common sense assumptions in order to determine the validity of those estimates.  *Lucas v. GC Serv's L.P.*, 226 F.R.D. 337, 340 (N.D. Ind. 2005) (quoting *Ingram v. Corporate Receivables, Inc.*, 2003 WL 21982152, at *2 (N.D. Ill. Aug. 19, 2003)) (additional citations omitted).  However, "mere speculation" and "conclusory allegations" of the size of the class do not support a finding that joinder is impractical for the purposes of determining numerosity.  *Arreola*, 546 F.3d at 797 (quoting *Roe v. Town of Highland*, 909 F.2d 1097, 1100 n.4 (7th Cir. 1990)).

     Defendants allege that Plaintiff does not satisfy the numerosity requirement because she names only thirteen specific individuals who were allegedly tased in violation of the jail's policy.  Plaintiff's sole argument in support of showing that numerosity exists is that: "[a]lthough the use of force reports would indicate that the number of potential class members is relatively small, the firing logs indicate that a larger number of people may be members of this class."  (Plaintiff's Motion for Class Certification at 8).  This argument is insufficient to establish numerosity because it is rooted in speculation and conclusory allegations, and void of a good faith estimate as to class size.  Furthermore, Plaintiff does not show that joinder of the class members is impracticable.  Therefore, Plaintiff fails to establish the numerosity requirement of Rule

6

23(a)(1), further rendering this case unsuitable for class treatment.

Since Plaintiff fails to establish numerosity, the inquiry under Rule 23(a) ends. *Lucas*, 226 F.R.D. at 339 (citing *Patterson v. Gen. Motors Corp.*, 631 F.2d 476, 480 (7th Cir. 1980)).  Having so found, the court need not address the other requirements for establishing class certification.

### IV.     Conclusion

For the reasons stated above, the court **DENIES** Plaintiff's Motion for Class Certification (Docket # 27).

**SO ORDERED** this 24th day of March 2010.

                RICHARD L. YOUNG, CHIEF JUDGE
                United States District Court
                Southern District of Indiana

Electronic Copies To:

Bruce Alan Brightwell
bruce@brightwell-law.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP
jlowe@k-glaw.com